**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3385-19

NINA GAMBARDELLA
(f/k/a HERMO),

    Plaintiff-Respondent,

v.

SCOTT HERMO,

    Defendant-Appellant.

_____

Submitted May 24, 2021 – Decided September 9, 2021

Before Judges Gooden Brown and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1973-06.

Scott Hermo, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendant Scott Hermo appeals from four orders

of the Family Part resolving matrimonial post-judgment motions: (1) the

September 13, 2019 order denying his motion for reconsideration of a prior order that denied his motion to modify his alimony and child support obligations to plaintiff Nina Gambardella; (2) the January 22, 2020 order denying his motion for reconsideration of the September 13, 2019 order; (3) the March 17, 2020 order amending the January 22, 2020 order and, in effect, denying his motion for reconsideration of the prior orders; and (4) the March 18, 2020 order awarding Gambardella attorney's fees and costs. We affirm all orders under appeal, with the exception of the provisions of the September 13, 2019, January 22, 2020, and March 17, 2020 orders concerning Hermo's child support obligation and arrears. We vacate those provisions of the September 13, 2019, January 22, 2020, and March 17, 2020 orders and remand for further proceedings.

I.

Hermo and Gambardella were married in May 1993. They had three children during the marriage. The couple divorced in January 2007. At the time of their divorce, the parties entered into a Matrimonial Settlement Agreement (MSA) in which Hermo agreed to pay Gambardella $15,500 per month in alimony and $5,500 per month in child support for the three children, who were then minors.

A-3385-19

Prior to and during most of the marriage, Hermo worked as a fixed income bond trader, with a specialization in government-sponsored enterprise debt. Following the events of September 11, 2001, Hermo lost his job as a bond trader and began working as an inter-dealer broker. In 2003, he was appointed manager of a brokerage desk, overseeing eighteen employees. In that position, he earned a substantial six-figure annual income, at one point approaching $1 million, that included a $150,000 salary, and a percentage of the commissions he and the other employees in his division generated. The MSA was based on the assumption Hermo would earn approximately $777,700 annually.

In 2007, Hermo's business began to decline, resulting in a reduction of the work force he supervised. By 2015, he was the only employee in his division. As a result, Hermo's income was reduced to approximately $120,000 a year.

In light of these developments, on July 28, 2015, the parties amended their MSA to reduce Hermo's alimony obligation to $5,500 per month and his child support obligation to $1,408 per month "for the parties' [three] children." At about this time, Hermo approached his employer to negotiate the end of his employment. In October 2015, Hermo accepted a severance package of $100,000 and one year of health insurance for him and the children. Hermo signed a four-year agreement not to compete with his prior employer.

A-3385-19

After conducting research and formulating a business plan, Hermo decided to open a restaurant in Montclair. In March 2016, he leased commercial space and invested in renovations. Hermo opened the restaurant in January 2017. He did not look for other employment. While operating the restaurant, Hermo fell into arrears on his alimony and child support payments, first by unilaterally reducing the monthly payments he made to Gambardella and later by ceasing all payments.

Gambardella moved in the Family Part to enforce Hermo's alimony and child support obligations, to compel him to make payments through the Probation Department, and for the award of attorney's fees and costs. Hermo cross-moved for modification of his alimony and child support obligations, arguing changed circumstances justified a reduction. In his moving papers, Hermo argued he was entitled to relief pursuant to N.J.S.A. 2A:34-23(k), as a non-self-employed person who lost his job and because he had, in effect, retired from the financial industry.

At the time, two of the children had been emancipated. The youngest was enrolled in college. The parties disagreed with respect to whether a modification of child support for that child was warranted, as his place of residence when not at college was in dispute.

4

On October 12, 2018, the trial court issued an oral opinion granting Gambardella's motion and denying Hermo's cross-motion. The court concluded that Hermo had not established a change in circumstances since 2015, when the parties executed the amended MSA. Instead, the court found that Hermo left his employment and launched a risky entrepreneurial endeavor while aware of his financial obligations to Gambardella. The court concluded Hermo's decision to start a new business in a field in which he had no experience did not constitute a change in circumstances. In addition, the court rejected the argument that Hermo had retired, finding instead he voluntarily changed fields, precluding modification of the amended MSA on that basis. The court denied Gambardella's motion for attorney's fees, but granted her request that Hermo be compelled to make payments through the Probation Department.

A November 16, 2018 order memorializes the trial court's decision. The order states that Hermo's "request for a modification of alimony be, and hereby is, denied[,]" but does not address his request to modify his child support obligation. However, the paragraph of the order granting Gambardella's motion to compel Hermo to make payments through the Probation Department states:

> Plaintiff's request for alimony and child support to be paid through the Essex County Probation Department is granted. Defendant's alimony obligation is $5,500 per month and his child support obligation is $1,408 per

A-3385-19

month.  Child support shall terminate when the parties' [youngest] child . . . reaches age twenty-three . . . unless terminated earlier by [c]ourt [o]rder.

The order also sets the amount of Hermo's arrears.

By December 2018, Hermo's restaurant had closed.  Hermo thereafter obtained a license to sell life and health insurance.  This allowed him to be employed as a financial advisor and salesman of life insurance products, annuities, and financial securities, activity not covered by the non-compete agreement.  An expert retained by Hermo opined that he had the capacity to make between approximately $100,000 and $140,000 annually in his new field.

Hermo failed to make the payments directed in the November 16, 2018 order.  He filed a second motion to modify his alimony and child support obligations, alleging changed circumstances – the restaurant's closure and likely liquidation, among other alleged changes – warranted modification of his financial obligations to Gambardella.

On September 13, 2019, the trial court issued an oral decision denying Hermo's motion, concluding that he failed to make a prima facie showing of a change in circumstances and that he essentially was moving for reconsideration of the November 16, 2018 order.  The court found that Hermo voluntarily decided to leave employment in the field in which he had experience, signed a

non-compete agreement limiting his ability to earn income in that field from other employers, and invested nearly $500,000 of his savings in a risky business venture instead of providing for his financial obligations to Gambardella. The court concluded that while Hermo's unilateral decisions had negative financial consequences they did not amount to changed circumstances warranting modification of the amended MSA.

A September 13, 2019 order memorializes the court's decision. In addition, the court granted Gambardella attorney's fees and costs, pending submission of a certification of services from her counsel.

Hermo moved for reconsideration of the September 13, 2019 order. He alleged that after the court issued the order his counsel discovered that the amendment to the MSA was based on Hermo's 2014 income of $207,713 and not, as counsel and the court had previously assumed, his 2015 income of approximately $120,000. Thus, he argued, there was a change of circumstances – a reduction in his income – since execution of the amended MSA warranting modification of his alimony and child support obligations. Defendant's argument is based on a December 2014 letter from his then-counsel to Gambardella's counsel setting forth reasons why Hermo was entitled to a reduction of his financial obligations as established in the MSA.

In addition, Hermo argued that the monthly child support obligation of $1,408 established in the amended MSA was based on three children, but the couple's two older children had been emancipated since the amended MSA was executed. He also argued the couple's youngest child lived with him, and not Gambardella, when the child was not away at college. Gambardella opposed the motion and requested the award of attorney's fees and costs.

On January 22, 2020, the trial court issued an oral opinion denying Hermo's motion. The court found the December 2014 letter was not newly discovered evidence, had been submitted by Hermo in support of his first motion for a modification, and was not relevant, given that Hermo agreed to the alimony and child support payments in the amended MSA.

With respect to child support, the court denied Hermo's motion without prejudice to either party producing evidence establishing whether the monthly $1,408 child support payment in the November 16, 2018 order was intended to cover only the couple's youngest child. The court reserved decision on Gambardella's motion for attorney's fees and costs. Finally, the court denied Hermo's motion for a stay pending appeal, finding he did not meet the standards set forth in Crowe v. De Gioia, 90 N.J. 126 (1982), for injunctive relief. A January 22, 2020 order memorializes the court's decisions.

Hermo subsequently requested the court revisit the provisions of the January 22, 2020 order concerning child support. He pointed out that the amended MSA provided that Hermo's $1,408 child support obligation was for all three of the couple's children and that, since 2015, two of those children had been emancipated. He argued that the child support payment should be modified to reflect reductions on the dates that the two older children were emancipated.

On March 17, 2020, the trial court issued written findings of fact and conclusions of law denying Hermo's request. The court found that when the trial court decided Hermo's first motion it was aware two of the children had been emancipated. Yet, the court entered the November 16, 2018 order setting Hermo's monthly child support obligation at $1,408 until the emancipation of the couple's youngest child. The court concluded the emancipation of the other children had been considered previously and found not to be a change in circumstances warranting reduction of Hermo's child support obligation. A March 17, 2020 order memorializes the court's decision.

On March 18, 2020, the court issued written findings of fact and conclusions of law granting Gambardella $5,856 in attorney's fees and costs. A March 18, 2020 order memorializes the court's decision.

A-3385-19

This appeal followed. Hermo raises the following arguments for our consideration.

> POINT I
>
> THE TRIAL COURT ERRED BY FAILING TO MODIFY ALIMONY BASED ON THE FACT THAT THE 2015 AMENDMENT WAS BASED ON MY 2014 YEAR-END INCOME OF APPROXIMATELY $208,000 NOT MY 2015 INCOME OF APPROXIMATELY $120,000.
>
> POINT II
>
> THE COURT ERRED BY FAILING TO MODIFY CHILD SUPPORT BASED ON THE JANUARY 2015 AGREEMENT AND THE UNDISPUTED EMANCIPATION OF [TWO] OF MY [THREE] CHILDREN AS CONCEDED BY PLAINTIFF'S COUNSEL. THE COURT ALSO IGNORED THE FACT THAT OUR YOUNGEST CHILD HAS LIVED WITH ME EXCLUSIVELY DURING HOLIDAY'S [SIC] AND SUMMER BREAKS SINCE MAY OF 2019.
>
> POINT III
>
> THE COURT[']S AWARD OF COUNSEL FEES TO MY EX-WIFE SHOULD BE REVERSED UPON FINDING MERIT WITH THE PROCEEDING [SIC] PERCEIVED ERRORS.

## II.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). "[W]e do not overturn those determinations unless the court

10

abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004). We must accord substantial deference to the findings of the Family Part due to that court's "special jurisdiction and expertise in family matters . . . ." Cesare, 154 N.J. at 413.

We defer to the judge's factual determinations, so long as they are supported by substantial credible evidence in the record. Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974). This court's "[a]ppellate review does not consist of weighing evidence anew and making independent factual findings; rather, [this court's] function is to determine whether there is adequate evidence to support the judgment rendered at trial." Cannuscio v. Claridge Hotel & Casino, 319 N.J. Super. 342, 347 (App. Div. 1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)). We review de novo the court's legal conclusions. See Manalapan Realty, L.P. v. Twp. Comm. of the Twp. of Manalapan, 140 N.J. 366, 378 (1995).

The trial court is "authorized to modify alimony and support orders 'as the circumstances of the parties and the nature of the case' require." Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999) (quoting N.J.S.A. 2A:34-23). A party seeking a modification of his alimony and child support obligations

must demonstrate changed circumstances "as would warrant relief." Lepis v. Lepis, 83 N.J. 139, 157 (1980). The obligor's ability to pay is a central consideration when determining if relief is warranted. Miller v. Miller, 160 N.J. 408, 420 (1999).

Additionally, settlement of matrimonial disputes is encouraged and highly valued. Quinn v. Quinn, 225 N.J. 34, 44 (2016) (citing Konzelman v. Konzelman, 158 N.J. 185, 193 (1999)). Settlement agreements are governed by basic contract principles and, as such, courts should discern and implement the parties' intent. J.B. v. W.B., 215 N.J. 305, 326 (2013); Pacifico v. Pacifico, 190 N.J. 258, 266 (2007). We are hesitant to modify an agreement when the alleged changed circumstances will upset the expectations of the parties. J.B. v. W.B., 215 N.J. 305, 327 (2013). We review the trial court's modification decision for an abuse of discretion. Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).

We have carefully reviewed the record in light of these legal principles and find no basis to disturb the trial court's conclusion that Hermo did not establish changed circumstances after execution of the amended MSA related to his failed business venture and income. When he signed the amended MSA, Hermo was fully aware of the changes to the financial industry and the concomitant reductions in his income and earning potential. At that time,

12

Gambardella agreed to a significant reduction of Hermo's financial obligations to her.

Hermo almost immediately thereafter left his employment, agreed not to compete for the next four years in the field in which he was experienced, and invested almost $500,000 of his savings and, apparently, the full measure of his time and efforts, to the risky proposition of opening a new restaurant – a field in which he had no experience. The financial consequences of those unilateral actions fall on Hermo and, as the trial court found, do not constitute changed circumstances warranting modification of his obligations under the amended MSA. See Storey, 373 N.J. Super. at 469 ("When an alimony obligor changes career, the obligor is not free to disregard the pre-existing duty to provide support.").

We also conclude the record supports the trial court's conclusions that Hermo was not entitled to reconsideration of any of its orders. Rule 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall . . . state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought

to be reconsidered and a copy of the court's corresponding written opinion, if any.

"A motion for reconsideration . . . is a matter left to the trial court's sound discretion." Lee v. Brown, 232 N.J. 114, 126 (2018) (quoting Guido v. Duane Morris, LLP, 202 N.J. 79, 87 (2010)); see also Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based its decision on "a palpably incorrect or irrational basis," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings, 295 N.J. Super. at 384 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401. A motion for reconsideration is not an opportunity to "expand the record and reargue a motion. [It] is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record."

14

Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008).

Hermo did not meet the requirements of Rule 4:42-9. His moving papers merely repeated his prior arguments and relied on alleged newly discovered evidence that was, in fact, previously submitted and considered by the court. In addition, the 2014 letter, which set out arguments of Hermo's counsel, was not relevant, given that the amended MSA, to which Hermo agreed, establishes unambiguous terms for his monthly payments to Gambardella.

While we agree Hermo did not establish changed circumstances based on changes in his income and earning potential, we are unable to determine from the record before us whether the trial court erred when it denied his motion to modify his child support obligation based on the emancipation of his two older children. The record does not reveal whether the trial court found the $1,408 monthly child support obligation established in the amended MSA was intended to be reduced over time as the three children were emancipated. If such a finding was made, the trial court failed to issue findings of fact and conclusions of law explaining its modification of the amended MSA to require a payment of $1,408 for the youngest child alone in the November 16, 2018 order. That provision of the November 16, 2018 order was, in effect, incorporated in the later-issued

orders under appeal, and formed the basis of the court's March 17, 2020 decision to deny modification of Hermo's child support obligation to account for the emancipation of his two older children. In addition, the court did not issue findings of fact or conclusions of law with respect to Hermo's allegation that the youngest child lived at Hermo's residence when not away at college.

Pursuant to Rule 1:7-4(a), "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right . . . ." "[A]n articulation of reasons is essential to the fair resolution of a case." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000). Effective appellate review of a trial court's decision requires examination of the findings of fact and conclusions of law on which the trial court relied. Raspantini v. Arocho, 364 N.J. Super. 528, 533 (App. Div. 2003).

Additionally, the record is muddied by the fact that after the court issued its oral decision, and prior to entry of the November 16, 2018 order, Gambardella's counsel submitted a letter setting out the calculation of the amount of child support she alleged was in arrears. The calculation included reductions in Hermo's child support payments upon the emancipation of each of the couple's two older children. In addition, the letter concludes with the

representation that Gambardella "respectfully submits that the appropriate prospective child support for [the youngest child] should be $470.00 per month." Although the trial court adopted the total arrears set forth in the letter (with a minor adjustment) in its November 16, 2018 order, the court also set Hermo's prospective child support obligation at $1,408 a month. This inconsistency in the court's order is unexplained.

In its March 17, 2020 written opinion, the trial court, in effect, adopts the provision of the November 16, 2018 order establishing Hermo's prospective child support obligation at $1,408, concluding the court was aware of the emancipation of the two older children when it issued that order. The court did not address the inconsistencies in the November 16, 2018 order explained above.

Hermo did not appeal the November 16, 2018 order. We, therefore, do not vacate its provisions addressing his prospective child support obligations and the amount of arrears. However, to the extent that the trial court considered Hermo to have moved for reconsideration of the November 16, 2018 order in his subsequent motions, we vacate the provisions of the September 13, 2019, January 22, 2020, and March 17, 2020 orders that have the effect of continuing Hermo's monthly child support obligation at $1,408 and setting his child support arrears. We do so because those provisions are based on the November 16, 2018

A-3385-19

order, which was issued without findings of fact and conclusions of law explaining how the court determined to, in effect, modify the amended MSA to require Hermo to pay $1,408 a month in child support for only his youngest child.

We remand the matter for the trial court to reconsider Hermo's motion for modification of his child support obligation to account for the emancipation of his two older children. Hermo's position, as we understand it, is based on the argument that the $1,408 monthly child support obligation established in the amended MSA was intended to cover the couple's three children and was to be reduced upon the emancipations of the older children, either under the amended MSA or as changed circumstances. If the court determines that Hermo was entitled to a reduction of his child support obligation when his older children were emancipated, the court shall reduce Hermo's child support obligation, recalculate the amount of his arrears, and provide any other relief it deems appropriate. The trial court shall also consider Hermo's argument that he is entitled to a reduction in his child support obligation because his youngest child lives at Hermo's residence when not away at college.

With respect to Hermo's appeal of the March 18, 2020 order, an award of attorney's fees and costs is discretionary. R. 5:3-5(c); R. 4:42-9(a)(1). We will

disturb a trial court's order awarding attorney's fees only for an abuse of discretion. Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2018) (citing Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "[I]n awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the nature and extent of the services rendered; and the reasonableness of the fees." Mani v. Mani, 183 N.J. 70, 94-95 (2005) (citing Williams v. Williams, 59 N.J. 229, 233 (1971)).

Our review of the trial court's written decision awarding Gambardella attorney's fees and costs reveals a thorough and well-reasoned determination by the trial court. The fees and costs awarded are reasonable and reflect the success achieved by Gambardella, even when considering our decision to vacate the child support provisions of the trial court's orders. Gambardella succeeded on Hermo's motions to reduce his alimony obligations, to reduce all of his financial obligations because of his career choices and for a stay. She also succeeded in having the court compel Hermo to make payments through the Probation Department. We, therefore, affirm the March 18, 2020 order.

To the extent we have not specifically addressed any of Hermo's remaining claims, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

The orders under appeal are affirmed, with the exception of their provisions concerning child support and arrears, which we vacate.  We remand this matter for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3385-19